IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JENNIFER PEARCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0705-HE |
| | ) | |
| ORAL AND MAXILLOFACIAL | ) | |
| ASSOCIATES, LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Oral and Maxillofacial Associates, LLC ("OMA"), Gallagher Benefits Services, Inc. ("GBS"), Molly Bernard, and William Croom (collectively, "defendants") previously filed motions to dismiss certain of plaintiff's claims for failure to state a claim. [Doc. Nos. 14, 17, 19]. Thereafter, with leave of court, plaintiff filed an amended complaint refining certain claims and adding others. Defendants have since moved to strike certain portions of the amended complaint on the basis the amended complaint goes beyond the scope of the leave granted by the court. [Doc. Nos. 34 & 37]. The motions are fully briefed and at issue.

## BACKGROUND

The amended complaint alleges that plaintiff Pearce is a former employee of OMA and that she was assigned as a surgical assistant to defendant Croom, a licensed dentist. In or around April 2008—approximately three months after being hired—Croom allegedly began to engage in sexually harassing conduct towards Pearce which conduct allegedly increased in frequency over the course of the next several months. Plaintiff contends she

complained about Croom's conduct to OMA's clinical manager on a number of occasions without satisfactory result. She alleges that after she filed her initial complaint with state and federal anti-discrimination enforcement agencies, OMA conducted an investigation, found there was no merit to her allegations, and thereafter assigned her to menial duties and cut her work hours. Plaintiff again filed complaints with federal and state anti-discrimination agencies. Thereafter, OMA allegedly hired defendants GBS and Bernard to conduct a third-party investigation into the allegations against Croom, resulting in a report arising from their investigation. Plaintiff's complaint states OMA, despite the internal investigation and the third-party investigation, refused to rectify the situation, resulting in plaintiff's constructive discharge.

This case was originally filed in state court, with plaintiff asserting claims against OMA and Croom. While in state court, plaintiff amended her petition to add claims under Title VII of the Civil Rights Act of 1964 and the Fair Credit Reporting Act ("FCRA"), and to add additional defendants GBS and Bernard. Based on the addition of the federal claims, defendants removed the case to this court. Thereafter, defendants filed their motions to dismiss. Plaintiff then sought leave to amend further, which the court granted. Plaintiff's amended complaint [Doc. #31] added a number of factual allegations, new claims against defendants, and new defendants. Defendants then sought to strike part of plaintiff's amended complaint, arguing that the challenged portions exceeded the scope of what the court authorized. The motions to strike are addressed first.

## MOTIONS TO STRIKE

Following discussions at the joint status conference, the court granted plaintiff leave to file an amended complaint [Doc. #30] and she did so. *See generally,* Fed.R.Civ.P. 15(a). Defendants now seek to strike certain of plaintiff's additional factual allegations, her state law claims under the Oklahoma Credit Services Organization Act (24 Okla. Stat. § 131 et seq., "OCSOA" hereafter), her claim for intentional interference with employment/business contract, and her claims against three additional defendants—Michael Duffy, Steve Dodge, and Erica Russell.

Plaintiff's additional factual allegations and her state law claims under OCSOA are within the scope of the court's grant of leave to amend. In the Joint Status Report ("JSR"), filed prior to the status conference, plaintiff referenced "filing a request to amend the complaint . . . to allege a violation of the state fair credit act, to conform the complaint to the pleading requirements of the [F.R.C.P.], and to allege a recent exhaustion of administrative remedies . . . ." JSR [Doc. #27, p.13]. Insofar as the amended complaint adds the indicated state law claims and additional detail to comply with federal pleading requirements (i.e. the Twombly and Iqbal standards), it is within the scope of the leave granted by the court.

Defendants also seeks to strike the OCSOA claims on the basis it would be futile to allow plaintiff to assert them, arguing such claims are pre-empted by the FCRA. The parties have made passing reference to the preemption issue in their response and supplemental briefs, but have offered little beyond their own views of what the language of § 1681t of the FCRA must mean. Given that the OCSOA claims were not (and could not have been) directly addressed by the motions to dismiss and in light of the very brief treatment given to

3

the issue in the supplemental briefs of the parties, the court concludes it would be premature to attempt to resolve the preemption issue based on the present submissions. Therefore, and in light of the court's conclusion that leave to assert the OCSOA claims was obtained, there is no basis for striking those claims.

Plaintiff's claim for intentional interference with employment/business contract and her claims against three additional defendants, however, are not encompassed by the explanation given in the JSR and are outside the scope of the court' authorization. Plaintiff did not seek leave to add those claims and defendants, and it is far from obvious that the court would have permitted the addition if leave had been sought.[1] Accordingly, plaintiff's claims for intentional interference with contract and her claims against Duffy, Dodge and Russell will be stricken.

## **MOTION TO DISMISS**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering whether the plaintiff's claims should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010) (citation omitted). A claim

---

[1]*Leave to amend may be denied where the amendment would be futile. Here, there are substantial questions as to the availability of the added claims. See* Cochlin v. Dobson Commc'n Corp., *No. CIV-06-0032-HE, 2007 WL 852560, at \*2 (W.D. Okla. Mar. 16, 2007), stating that "generally a corporate employee cannot be liable under Oklahoma law for wrongfully interfering with a contract between his employer and a third party." Also, as discussed below in connection with defendant Croom's motion,* Burk *tort claims are not available against supervisors sued as such.*

4

will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted). "'[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Here, defendants OMA, GBS and Bernard seek dismissal of plaintiff's claims under the FCRA. Defendant Croom seeks dismissal of the Burk tort asserted against him.

Fair Credit Reporting Act Claims

The amended complaint alleges, among other things, that plaintiff filed a complaint of discrimination with state and federal anti-discrimination agencies prior to a meeting with Russell and Dodge on August 26, 2008. It asserts Dodge and Duffy conducted an investigation of plaintiff's complaints about Croom, that plaintiff was later told OMA believed her allegations did not have merit, and that Russell, Dodge and Duffy then reassigned plaintiff to menial duties. The complaint alleges plaintiff then filed a second complaint of discrimination/reprisal with the federal and state agencies and that, after the second filing, OMA retained defendants GBS and Bernard to conduct a third-party investigation. Among other largely conclusory allegations, plaintiff claims the latter investigation was done for the purpose of intimidating and embarrassing plaintiff, that it was done poorly or carelessly, that GBS/Bernard failed to get certain certifications from OMA

required by the FCRA, and that defendants failed to provide plaintiff with a copy of the resulting report on request. Plaintiff's claims in this regard are based on the assumption that the alleged report was a "consumer report" within the meaning of the FCRA.[2]

The FCRA defines a "consumer report" to include "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's . . . character, general reputation, personal characteristics . . . collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d). The term "employment purposes" includes the use of the report in connection with "employment, promotion, reassignment or retention as an employee." Id. § 1681a(h). These definitions arguably encompass the circumstances alleged here. However, defendants rely on a specific exclusion from the definition of "consumer report" as the principal basis for their motions as to the FCRA.[3]

Section 1681a(d)(2) of the FCRA excludes from the definition of "consumer report" any "communication described in subsection . . . (x) . . . ." Subsection (x) refers to, among other things, third-party investigations made into suspected employee misconduct or

---

[2] *The FCRA "regulates the distribution of consumer reports and sets out certain procedures and standards that consumer reporting agencies must comply with when preparing consumer reports." Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Commercial Servs., Inc., 537 F.3d 1184, 1187 (10th Cir. 2008); 15 U.S.C. § 1681(a). Some standards apply to "investigative consumer report[s]," but such reports are themselves a type of "consumer report." 15 U.S.C. §1681a(e).*

[3] *Issues may exist as to whether a particular defendant qualifies as "consumer reporting agency" under FCRA, but it is unnecessary to address them in light of the court's disposition of the related questions under that act.*

6

"compliance with Federal, State, or local laws and regulations . . . ." 15 U.S.C. § 1681a(x). The subsection (x) exclusion was added to the FCRA in 2003 in response to concerns with exactly the sort of potential FCRA liability which plaintiff seeks to impose here.[4] *See* Special Procedures for Employee Investigations, 69 Fed. Reg. 69776, 69801 (Nov. 30, 2004) ("[I]nvestigations of suspected misconduct by an employee or for compliance with Federal, state or local laws . . . are not treated as consumer reports.").

Although plaintiff strives mightily to avoid the conclusion,[5] it is clear from the factual allegations of the complaint that OMA's use of GBS/Bernard was in response to plaintiff's allegations of discrimination contrary to federal and state law and is within the scope of the subsection (x) exclusion. Their engagement immediately followed, and was in response to, plaintiff's allegations. There is no allegation that the investigation or report was sought to determine plaintiff's credit worthiness or of some other circumstance that might render the subsection (x) exclusion inapplicable.[6]

Plaintiff alleges and argues the real purpose of having GBS/Bernard investigate was

---

*[4]The amendment was, at least in part, in response to two Federal Trade Commission advisory opinions issued in 1999 which suggested employers using third-party investigators must comply with various requirements of the FCRA.*

*[5]The amended complaint is replete with conclusory allegations seeking to avoid subsection (x). However, as Twombly and Iqbal make clear, a court is not bound to accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).*

*[6]According to its terms, the subsection (x) exclusion does not apply if the communication/report was for the purpose of investigating a consumer's credit worthiness or if it was provided to third parties unrelated to the exclusion's purpose. See 15 U.S.C. § 1681a(x)(1)(C)-(D).*

7

to intimidate or embarrass plaintiff. However, as noted above, the subsection (x) exclusion applies where the investigation is in connection with suspected employee misconduct or compliance with legal or regulatory standards. It does not turn on the particular motive or purpose of the participants where, as here, one or both of those circumstances is present. *See* Warinner v. North American Sec. Solutions, Inc., No. 3:05-CV-244-S, 2008 WL 2355727, at *7 (W.D. Ky. June 5, 2008) (concluding the exclusion under § 1681a(d)(2)(A)(I) "does not distinguish between 'honest' interaction and interaction involving an element of deceit").

Plaintiff also argues the subsection (x) exclusion is an affirmative defense which defendants failed to raise in their answer. It is far from clear that an exclusion like that involved here, defining the scope of a statute, is an affirmative defense at all.[7] However, where, as here, the "defense" is apparent from the face of the complaint, the matter may be raised by a 12(b)(6) motion. Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965).

The amended complaint does include allegations that defendants failed or refused to provide her with a copy of the report allegedly done by GBS/Bernard. Subsection (x) includes a requirement that, after taking any adverse action against an employee based on a communication otherwise within the exclusion, the employer must, in certain circumstances, disclose a summary of the communication to the consumer. 15 U.S.C. § 1681a(x)(2). Here,

---

[7]*Owner-Operator Indep. Drivers Ass'n.,537 F.3d 1184, is not to the contrary. There, the court only concluded that plaintiff's objection to considering the alleged "defense," if it was one, had been waived in the circumstances of that case.*

8

the court concludes plaintiff has sufficiently pleaded a potential violation of this section.[8] However, the duty to provide a summary extends only to plaintiff's "employer," hence this claim remains only against OMA.

In sum, with the exception of the subsection (x) claim against OMA for failure to provide a summary, the complaint does not state a basis for a claim under the FCRA. The absence of a "consumer report" precludes the other claims plaintiff attempts to assert.

## Burk Tort - Defendant Croom

Defendant Croom seeks to dismiss plaintiff's public policy Burk tort claim against him on the basis he was not her employer.[9] He correctly notes that plaintiff alleges her employer to be OMA, while Croom was her supervisor. [Doc. #31, ¶¶ 4-5]. While the Oklahoma Supreme Court has not squarely addressed the issue, other Oklahoma appellate courts have concluded Burk liability does not extend to supervisors sued as such. Fulton v. People Lease Corp., 241 P.3d 255, 261 (Okla. Civ. App. 2010); Eapen v. McMillan, 196 P.3d 995, 997-98 (Okla. Civ. App. 2008). This and other federal courts have reached the same

---

[8]*Para. 37 of the amended complaint alleges the communication/report created by GBS/Bernard was the basis for refusing to return plaintiff to her regular duties "and/or reducing Plaintiff's hours." Although somewhat imprecise, the court concludes that is a sufficient allegation of adverse action. Further, while plaintiff's allegation as to a demand for a copy of the report goes further than the law contemplates (paragraph 2 of subsection (x) references a "summary" rather than a copy), and plaintiff apparently got some information from her employer, the court concludes a sufficient basis has been alleged as to the claim for non-provision of a summary.*

[9]*The tort recognized under Oklahoma law is based on Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989).*

conclusion.[10] Plaintiff's arguments to the contrary, though resourceful, are unpersuasive. The amended complaint does not state a basis for a Burk tort against defendant Croom.

## CONCLUSION

Based on the foregoing, defendants' motions to strike plaintiff's amended complaint [Doc. Nos. 34 & 37] are **DENIED** as to plaintiff's addition of factual allegations and OCSOA claims, and **GRANTED** as to plaintiff's claims for intentional interference with employment/business contract and her claims against defendants Duffy, Dodge, and Russell. The motions to dismiss [Doc. Nos. 14 and 19] are **GRANTED** as to plaintiff's FCRA claims, except as to plaintiff's "failure to provide summary" claim against OMA, which remains for disposition. Defendant Croom's motion [Doc. #17] seeking dismissal of the Burk tort asserted against him is **GRANTED**.

---

[10]See Richardson v. Watco Companies, Inc., No. CIV-10-0047-HE, 2010 WL 4394229, at *2, n. 5 (W.D. Okla. Nov. 1, 2010); Hall v. YMCA of Greater Tulsa, No. 09-CV-630, 2010 WL 2196554, at *4 (N.D. Okla. May 26, 2010); Cochlin v. Dobson Commc'n Corp., No. CIV-06-0032-HE, 2007 WL 852560, at *1 (W.D. Okla. Mar. 16, 2007).

**IT IS SO ORDERED**.

Dated this 16th day of December, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE